

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*Paul E. Budlow*  
*Assistant United States Attorney*  
*Paul.budlow@usdoj.gov*

*Suite 400*  
*36 S. Charles Street*  
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4917*  
*MAIN: 410-209-4800*  
*FAX: 410-962-3091*

April 3, 2017

The Honorable Marvin J. Garbis
United States District Judge
101 West Lombard Street
Baltimore, MD 21201

      Re:    *United States v. Joseph Goldman*, Criminal #: MJG-17-09

Dear Judge Garbis:

      I write in response to the Court's letter order dated March 30, 2017 (Doc. 34), relating to the defendant's request for release pending sentencing and the status of his release in the state case.

      Regarding the state case, the defendant was originally held without bond by a commissioner on December 19, 2016, and was given a bail review before a Baltimore City district court Judge on December 20, 2016. At the bail review, the defendant was represented by private counsel, and the state was represented by an Assistant State's Attorney from the Central Booking Unit, who was unfamiliar with the case, other than having the Application for Statement of Charges, which was also what the judge had. During the hearing, the State requested that the defendant be held without bond. The judge ordered the defendant released on a $75,000 bail. The defendant made the bail and was released the same day. The defendant's release conditions include that he have no contact with the minor victim.

      At the Court's direction, I inquired and learned additional information about the pending state rape charges. The State's Attorney's Office ("SAO") continues to pursue the case, and is in the process of providing discovery, including electronic evidence that corroborates the victim's account, and preparing for trial. A pretrial resolution is not expected. Additionally the SAO has assigned one of their most experienced child sex abuse prosecutors to the case, who will be requesting that the trial be specially assigned to a Circuit Court Judge for motions and trial. The prosecutor assures me that the case is an important and serious matter on their docket as the nature of the charges would indicate.

      Following the defendant's arrest and detention in this matter, the State had no reason to seek a change in the defendant's bail status in the state case. I advised the prosecutor that this Court was considering the defendant's request for release to reside with his mother in Baltimore City pending sentencing. In light of the Court's consideration of the defendant's request for release, the ASA advises me that the SAO will be submitting a request for a bail hearing in the state's case in order to have the defendant's status changed to no bail. The ASA believes that the

defendant's release will pose a risk to the victim who lives only 6 minutes from the defendant's mother's home.

No matter the release status in state court, the government continues to request the detention of defendant Goldman, based on risk of flight and the danger he poses to the community and the risk to obstruct justice if the defendant is released.

The defendant in this case continues to pose a danger to the community for the same reasons stated during the January 6, 2017 detention hearing. The government proffered evidence that the defendant used the firearms that are the subject of the federal case to threaten the victim in the state case during the period of the commission of the crime, which was ongoing and occurred over months. In a recorded forensic interview, the victim stated that the defendant showed her his guns and said, "If you ever misbehave I'll kill you with these guns." Although the defendant's use of the firearms to intimidate the state victim is not being used in the federal case *as a guideline enhancement*,[1] the defendant's use of the illegal firearms remains highly relevant to the risk that he poses to the public, and specifically to the victim in the state case, who continues to reside in the same community. Therefore, the government believes that there would be potential danger to, and intimidation of, the alleged victim in the state court proceedings should the defendant be released from custody.

The risk that the defendant will obstruct justice if he is released is further supported by his recorded jail call on January 3, 2017, where he had the following conversation with his mother, who is his proposed third party custodian:

> GOLDMAN: As far as that [last name of family where the victim resides] family goes, something's gotta be done about it, it just can't be done on my watch because I – they'll hold everything against me.
>
> MOTHER: Abso – we are working on it Joseph, we are working on it.
>
> GOLDMAN: I know, I know…but I'm telling you they put up together, they spent month and months and months planning this crap out.
>
> MOTHER: Yup, with [the victim's biological father's first and last name]. There's no doubt in our mind.
>
> GOLDMAN: I know, I know, I know and now I don't know what he fed those kids and now what they're saying to their freaking shrinks up there and what's going on, and all I know from now, is that who the hell knows what's going. Because I don't.

All of this is in addition to the arsenal of guns that was seized during the state search warrant and that the defendant has now admitted he possessed illegally. The firearms include a sawed-off shotgun, a short-barreled rifle that was clearly intended to be modified to be fully

---

[1] Because the federal charges are being resolved prior to the state rape case, the government will not present evidence during the federal sentencing as to their use in deference to the State case.

automatic, a silencer that was attached to the short-barreled rifle, and numerous additional components for an additional rifle and additional silencers.  Additionally, although two handguns were seized as well, the defendant has two additional handguns that are registered to him that were not seized during the search warrant, and are still unaccounted-for.

With respect to risk of flight, the record established significant international travel, much of which his proposed third party custodian was unaware.  The defendant refused to provide Pretrial Services with his complete international travel history.  The defendant also provided information of his assets that was contradicted by his wife.  The information about his assets was either patently false, or even if remotely accurate, would provide significant resources and overseas contacts that would increase the risk of flight.  There were also numerous discrepancies identified in the defendant's statements to Pretrial Services.

Please let me know if you need any additional information.

Respectfully Submitted,

Rod J. Rosenstein
United States Attorney

_____

Paul E. Budlow
Assistant United States Attorney

Cc:  Nicholas Vitek, Attorney for Joseph Goldman